UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER WENDELL COOK,

   Plaintiff,

   v.                                                  CAUSE NO. 3:21-CV-408-JD-MGG

CASS COUNTY JAIL, et al.,

   Defendants.

OPINION AND ORDER

Christopher Wendell Cook, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cook alleges that, while awaiting trial at the Cass County Jail, he violated a jail rule by hanging his towel on his bunk. C.O. Ventura said that he was going to take Cook's mat for the day for the rule violation. Cook indicated that he would not give up his mat. When C.O. Ventura and C.O. London demanded that he give up the mat, Cook sat on it. The officers then sprayed him with OC spray and Tased him twice. He injured

his shoulder during the encounter, and he was sent to the hospital to have the Taser prongs removed.

Because Cook was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, giving Cook the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against C.O. Ventura and C.O. London.

Cook also sued Sheriff Schroder, but Cook does not allege that Sheriff Schroder was personally involved in the incident. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Because Cook has not alleged that Sheriff

2

Schroder was involved in the incident, the complaint does not state a claim against Sheriff Schroder.

Finally, Cook named the Cass County Jail as a defendant. He cannot sue the facility itself. It is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Christopher Wendell Cook leave to proceed against C.O. Ventura and C.O. London in their individual capacity for monetary damages for using excessive force on February 28, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff Schroder and Cass County Jail;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) C.O. Ventura and C.O. London at the Cass County Sheriff's Department, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Cass County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), C.O. Ventura and C.O. London to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 3, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT