UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER WENDELL COOK,

    Plaintiff,

        v.                      CAUSE NO. 3:21-CV-408-JD-MGG

VENTURA, et al.,

    Defendants.

OPINION AND ORDER

Christopher Wendell Cook, a prisoner without a lawyer, filed a complaint and was granted leave to proceed against C.O. Ventura and C.O. London for using excessive force on February 28, 2021, in violation of the Fourteenth Amendment. ECF 1; ECF 6. Now he has filed an amended complaint naming C.O. Ventura, C.O. London, and the Cass County Jail. ECF 8. The amended complaint, however, contains no facts whatsoever. It says only that he wants to proceed on two additional legal theories: intentional infliction of emotional distress and cruel and unusual punishment. This appears to be an attempt to amend his complaint by interlineation, which is not permitted by Northern District of Indiana Local Rule 15-1(b). If Cook wants to amend his complaint, he must file a complaint that includes every claim against every defendant he is trying to sue in this lawsuit.

Because the amended complaint is incomplete, it will be stricken. Cook is not required to file an amended complaint. However, in the interests of justice, he will be given an opportunity to do so if he so chooses. Any amended complaint must contain

all of his claims against all of the defendants he is trying to sue in this lawsuit. He will

not, however, be granted leave to proceed against the Cass County Jail. The court has

already explained to Cook (ECF 6 at 3) that he cannot sue the Cass County Jail because it

is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.

2012). He also will not be granted leave to proceed on any claim pursuant to the Eighth

Amendment's cruel and unusual punishment clause. As explained previously (ECF 6 at

2), Cook was a pre-trial detainee at the time of the incident and his claims are governed

by the Fourteenth Amendment, not the Eighth Amendment. *See Miranda v. Cty. of Lake*,

900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). And,

a claim for intentional infliction of emotional distress pursuant to Indiana law can be

brought only where the plaintiff has filed the notice of tort claim as required by the

Indiana Tort Claims Act. *See* Indiana Code § 34-13-3-6 and *Poole v. Clase*, 476 N.E.2d 828

(Ind. 1985). Here, there is no indication that Cook has complied with the Indiana Tort

Claims Act.

For this reason, the court:

(1) STRIKES the second amended complaint (ECF 8);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint

(INND Rev. 8/16) form and send it to Christopher Cook;

(3) GRANTS Christopher Cook until **September 30, 2021**, to file an amended

complaint that includes every claim against every defendant he is trying to sue in this

lawsuit; and

2

(4) CAUTIONS Christopher Cook that, if he does not file an amended complaint by **September 30, 2021**, this case will proceed on his original complaint as screened by the court (ECF 1; ECF 6).

SO ORDERED on September 2, 2021

/s/JON E. DEGUILO
CHIEF JUDGE
UNITED STATES DISTRICT COURT