UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER WENDELL COOK,

Plaintiff,

v.   CAUSE NO. 3:21-CV-408-JD-MGG

CASS COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Christopher Wendell Cook, a prisoner without a lawyer, filed an amended complaint. ECF 44. Because the defendant has answered the complaint (ECF 20; ECF 41), Cook "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quotations and citation omitted). Therefore, the amended complaint will be construed as a proposed amended complaint and the court will consider whether leave should be granted to file the proposed amended complaint.

Cook's proposed amended complaint is nearly identical to his original complaint. ECF 1; ECF 44. Indeed, the body of the proposed amended complaint

includes copies of two pages containing the facts of the complaint he filed on June 7, 2021. Cook alleges that, while awaiting trial at the Cass County Jail, he violated a jail rule by hanging his towel on his bunk. C.O. Ventura said that he was going to take Cook's mat for the day for the rule violation. Cook indicated that he would not give up his mat. When C.O. Ventura and C.O. London demanded that he give up the mat, Cook sat on it. The officers then sprayed him with OC spray and Tased him twice. He injured his shoulder during the encounter, and he was sent to the hospital to have the Taser prongs removed. As noted in the court's earlier screening order (ECF 6), these allegations state a plausible excessive force claim against C.O. Ventura and C.O. London.

The amended complaint differs from the original complaint in that Cook also argues that the taking of his mat violated a provision of the Indiana Administrative Code (210 IAC 3-1-17) that specifies bedding should not be taken as a means of discipline. This provision likely does not create a private right of action. *See HealthPort Techs., LLC v. Garrison L. Firm, LLC*, 51 N.E.3d 1236, 1239 (Ind. Ct. App. 2016) ("The determination of whether a civil cause of action exists begins with an examination of the legislative intent."). Even if it does, before a tort claim can proceed in court against an employee of the State of Indiana, the plaintiff must file a notice of tort claim as required by the Indiana Tort Claims Act. *See* Indiana Code § 34-13-3-6 and *Poole v. Clase*, 476 N.E.2d 828 (Ind. 1985). Here, Cook does not mention filing a tort claim notice and it is not plausible to infer that he did. Because the additional legal theory presented in Cook's proposed amended complaint does not state a claim, allowing the amendment

2

would be futile. The case will proceed on the claim as outlined in the court's August 3, 2021, screening order. ECF 6.

For these reasons, the court:

(1) CONSTRUES Christopher Wendell Cook's amended complaint (ECF 44) as a proposed amended complaint and DIRECTS the Clerk to amend the docket accordingly; and

(2) DENIES Christopher Wendell Cook leave to amend his complaint.

SO ORDERED on April 25, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT