UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER WENDELL COOK,

Plaintiff,

v.  CAUSE NO. 3:21-CV-408-MGG

OFFICER VENTURA, et al.,

Defendants.

OPINION AND ORDER

Christopher Wendell Cook, a prisoner without a lawyer, proceeds on a Fourteenth Amendment claim against Officer Venture and Officer London for using excessive force against him at the Cass County Jail on February 28, 2021. ECF 6. The defendants filed a motion for summary judgment, arguing that Cook did not exhaust his administrative remedies with respect to his claim. ECF 45.

According to the Cass County Jail Inmate Rules, Policies, and Procedures, the grievance procedure is as follows:

> Any inmate confined in the Cass County Jail having a grievance shall report in writing to the jail commander of his/her complaint using a requested grievance form. The jail commander shall determine inf the grievance shall be acted upon. When a reply is given and you still feel as though a solution has not been given, you may write a grievance to the sheriff. The sheriff will then reply personally or through a designee. Grievances will only be answered if they are legitimate, without obscene language, written neatly, and by one author.

ECF 37-1 at 31-33. In addition to paper grievance forms, inmates may also submit grievances electronically through a kiosk. ECF 47-7 at 1.

Cook resided at the Cass County Jail from October 2020 to September 2021. *Id.* at 20-21. On October 8, 2020, Cook acknowledged receipt of the inmate handbook. *Id.* at 19. On or around February 28, 2021, the use of force incident that is the subject of the complaint occurred.[1] ECF 1. Cook submitted dozens of grievances throughout his time at Cass County Jail both before and after the use of force incident. ECF 47-7 at 20-45. These grievances encompassed a broad range of topics, including the confiscation of his prayer rug, his inmate trust fund account, Ramadan, visitation rights, housing assignments, hygiene products, and tablet devices. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within

---

[1] By contrast, Sheriff Shroder attests that the use of force incident occurred on March 3, 2021. ECF 47-7 at 2. The parties do not address this factual dispute, and it is not material to resolving this motion.

2

the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

In response to the motion for summary judgment, Cook concedes that he had access to the grievance process and that he did not submit a grievance regarding the use of force incident. However, he maintains that he did not know that the use of force incident was a grievable issue. Inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or

3

otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The inmate handbook establishing the grievance process, which was provided to Cook in October 2020, contains no language to suggest that a use of force incident is not a grievable issue. Further, the record contains no evidence to suggest that the grievance process was, in practice, inadequate to address Cook's concerns regarding excessive force. Additionally, the record contains no indication that correctional staff misled Cook as to whether the use of force incident was grievable or hindered his use of the grievance process in any way. At most, the record demonstrates that Cook subjectively believed he could not grieve the use of force incident, but a subjective belief that a grievance would be futile is insufficient to render the grievance process unavailable. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

In sum, the record demonstrates that the grievance process was available to Cook but that Cook did not submit a grievance related to his claim against Officer Ventura and Officer London. Because Cook did not exhaust his available administrative remedies, the motion for summary judgment is granted, and this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 45);

(2) DISMISSES this case without prejudice; and

5

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on January 26, 2023

                                                        s/ Michael G. Gotsch, Sr.
                                                       Michael G. Gotsch, Sr.
                                                       United States Magistrate Judge